**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 05-4561

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD DAVID ROBINSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-181)

———————

Submitted: October 17, 2005        Decided: November 21, 2005

———————

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald David Robinson pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). He was sentenced on March 18, 2005, after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The district court sentenced Robinson to 180 months of imprisonment, to be followed by three years of supervised release and restitution of $2564. Robinson appeals.

Counsel for Robinson has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal. Robinson has filed a pro se supplemental brief, asserting that the district court erred in enhancing his offense level based on facts found by the court by a preponderance of the evidence, and in sentencing him as a career offender.

In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandated sentencing and appellate review under the guidelines, thus making the guidelines advisory. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J.), 756-57 (Breyer, J.). After

<u>Booker</u>, the sentencing court must calculate the guideline range, making any necessary factual findings, and consider the range and other relevant factors set out in the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), before imposing a sentence. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005)(citing <u>Booker</u>, 125 S. Ct. at 764-65).

The district court followed this procedure in this case. Our review leads us to conclude that the district court correctly determined that Robinson was a career offender under USSG § 4B1.1(a), as (1) he was over eighteen years old at the time of the offense of conviction, (2) bank robbery is a crime of violence, and (3) he had two prior felony convictions for crimes of violence. Therefore, the offense enhancements Robinson complains of did not affect his ultimate sentence, which was determined by his career offender status and was within the twenty-year statutory maximum set forth in 18 U.S.C. § 2113(a). We find the sentence to be reasonable. See <u>Hughes</u>, 401 F.3d at 546-47 (holding that, after <u>Booker</u>, a sentence must be "within the statutorily prescribed range and . . . reasonable.").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm Robinson's conviction and sentence. We deny counsel's motion for leave to withdraw. This court requires that counsel inform his client in writing of his right to

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew in this court his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We grant Robinson's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED